UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 22-10016-FDS |
| DUMARI SCARLETT-DIXON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO AMEND JUDGMENT**

**SAYLOR, C.J.**

Defendant Dumari Scarlett-Dixon has moved to amend the judgment in this matter to state that his federal prison term of 27 months "commenced on the date of his initial appearance in federal court," which was December 16, 2021. (Def. Am. Mot. To Amend Judgment at 1). In substance, he seeks to have his federal term of imprisonment run concurrently with a later-imposed state term of imprisonment. For the reasons set forth below, the motion will be denied.

**I.   Background**

In September 2021, defendant was charged in Quincy District Court with unlawful possession of a firearm and ammunition. He was held on cash bail, which he was unable to post. (PSR ¶ 50).

On November 17, 2021, defendant was charged by complaint in the United States District Court with being a drug user in possession of a firearm and ammunition in violation of 18 U.S.C. § 933(g)(3). On December 16, 2021, he had his initial appearance in front of the magistrate judge. At that time, he was still in state custody on the charges pending in the Quincy District Court.

At the initial appearance, the government moved for detention. According to the clerk's note on the docket, defendant "agree[d] to an order of voluntary detention, but would like a preliminary hearing." (ECF No. 12).

In December 2021, defendant was indicted in the Suffolk County Superior Court on new firearms charges. On December 7, 2021, he was detained without bail on that charge for a period of 180 days.

On December 20, 2021, the charges in the Quincy District Court were dismissed; however, defendant remained in state custody.[1]

At the preliminary hearing in this case on December 28, 2021, the court made a finding of probable cause, and the defendant was "remanded to the custody of the USM [United States Marshals]."

On June 7, 2022, the Superior Court imposed a cash bail of $15,000, which defendant again was unable to post.

On October 18, 2023, defendant pleaded guilty in this case.

On April 19, 2024, this Court orally pronounced a sentence of 27 months in prison and three years of supervised release. A judgment reflecting that sentence was entered on April 23, 2024. Neither the oral pronouncement nor the judgment indicated that the prison sentence was concurrent with any other sentence, or that the sentence would be deemed to start on a particular date.

On June 26, 2024, defendant pleaded guilty in the Suffolk County case. He received a sentence of two-and-one-half years (30 months) in prison with 1155 days credit for that offense.

---

[1] The parties appear to dispute the reason for defendant's continued detention in state custody. The government attributes it to a detention order from the Superior Court for carrying a firearm and ammunition without a license. (ECF No. 267 at 3; PSR ¶ 43). Defendant attributes it to a voluntary order of detention issued by the magistrate judge for the federal charge. (ECF No. 262 ¶ 4).

2

(ECF No. 262 ¶ 11).  Because all of that time was credited to his state sentence, none of it was available to be credited to his federal sentence.

On July 12, 2024, defendant moved to amend the judgment in this case to state that his 27-month term of federal imprisonment commenced on the date of his initial appearance in federal court (December 16, 2021), which would effectively make the federal sentence concurrent with the state sentence.  The government has opposed that motion.

II.     **Whether the Court Has Jurisdiction**

As an initial matter, the Court's power to amend the judgment—in other words, its jurisdiction—is lacking.

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a). The present motion was filed 84 days after pronouncement of the sentence, and is therefore untimely for purposes of Rule 35.

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error arising from an oversight or omission."  Fed. R. Crim. P. 36.  However, there is no indication that a clerical error occurred.  *See United States v. Harvey*, 20 F.4th 71, 77 (1st Cir. 2021) ("Rule 36 permits the correction of only 'straightforward clerical and technical errors; it is not meant to provide an opening for litigation over the merits.'" (citing *United States v. Ranney*, 298 F.3d 74, 81 (1st Cir. 2002))).

Defendant cites no other provision that indicates that this court has jurisdiction to make the requested modification at this stage.  *See, e.g.*, *United States v. Jefferson*, 104 F. App'x 684, at *1 (9th Cir. 2004) ("Section 5G1.3(c) governs imposition of sentence where a defendant is subject to an undischarged term of imprisonment; it does not confer jurisdiction to the district

court to amend a sentence after a judgment is entered."); *United States v. Watson*, 2019 WL 447314, at *2 (D. Me. Feb. 5, 2019).[2]

### III. Whether the Court Can Grant Sentencing Credit

Even assuming that the Court has jurisdiction, it does not have the power to grant sentencing credit to a prisoner. Defendant may be entitled to such credit pursuant to 18 U.S.C. § 3585(b), and he can request that the Bureau of Prisons provide him with that credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("[T]he district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). "Once administrative remedies are exhausted [through the BOP], *see* 28 C.F.R. §§ 542.10-542.[19], prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241." *See Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); *see United States v. Francisco*, 2021 WL 1792358 (D. Mass. May 4, 2021).

Here, there is no evidence that defendant has exhausted his administrative remedies, and he has not argued that he is likely to be entitled to credit pursuant to 18 U.S.C. § 3585(b).

### IV. Whether the Court Misapplied the Sentencing Guidelines

Again, even assuming the existence of jurisdiction, it is doubtful whether the Court misapplied the sentencing guidelines or otherwise committed an error. It is true that the Court has the power at the time a sentence is imposed to make a sentence concurrent with a state sentence, even a state sentence that has not yet been imposed. *See* FSG § 5G1.3.

---

[2] It is possible that the issue could be raised in a habeas proceeding under 28 U.S.C. § 2241 or § 2255. *See, e.g., United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019); *Sweat v. Grondolsky*, 898 F. Supp. 2d 347, 352 (D. Mass. 2012) (concluding that a claim that a sentence should have been imposed concurrently is a "collateral attack" providing the court with jurisdiction); *United States v. Mays*, 2024 WL 3010881, at *2 (D. Kan. June 14, 2024).

Here, under § 5G1.3, it appears that defendant was under an "undischarged" or anticipated term of imprisonment from the state. If the conduct for the state sentence would be "relevant" conduct under § 1B1.3, § 5G1.3 indicates that the sentences should be imposed to run concurrently.

However, defendant has not suggested nor is there any indication that the conduct in the Suffolk County case is "relevant" conduct to the instant offense as defined by § 1B1.3. "Under the sentencing guidelines, disparate offenses may comprise 'relevant conduct' when they arise, say, out of a common scheme, plan, or course of activity." *United States v. Padilla-Galarza*, 990 F.3d 60, 87 (1st Cir. 2021). "[T]he key is whether the acts are 'sufficiently connected or related to one another as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.'" *Id.* (quoting USSG § 1B1.3 cmt. n.5).

Based on the evidence in the record, that is not the case here.[3] There is no evidence presented that, for example, the same gun was involved in both offenses. *See United States v. Fuentes-Moreno*, 954 F.3d 383, 393-94 (1st Cir. 2020). It is defendant's burden to demonstrate the facts necessary for the district court to conclude that the Suffolk County offense was relevant conduct to the instant offense. *Id.* at 394. "Where the acts or omissions comprise unrelated conduct, the district court enjoys discretion to run the federal sentence 'concurrently, partially concurrently, or consecutively to the prior undischarged [state] term of imprisonment to achieve a reasonable punishment for the instant offense.'" *United States v. Rentas-Muniz*, 887 F.3d 1, 4 (1st Cir. 2018) (citing USSG § 5G1.3(d)).

Under the circumstances, the Court does not believe that the punishment imposed, which was for a serious firearms offense, was unreasonable or erroneous.

---

[3] According to the presentence report, the Probation Office deemed defendant's Quincy District Court case to be a "related state case" and his Suffolk County case to be "unrelated." (PSR ¶¶ 1, 50).

## V.    Conclusion

For the foregoing reasons, defendant's motion to amend the judgment is DENIED.

**So Ordered.**

                                                              /s/ F. Dennis Saylor IV
                                                              F. Dennis Saylor IV
Dated: August 9, 2024                      Chief Judge, United States District Court